UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No. 13-51337

EDWARD FISHER,

    Defendant.

                                                        /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO QUASH OR MODIFY GARNISHMENTS**

Following his conviction for conspiracy to defraud the United States, 18 U.S.C. § 371, the court ordered Defendant Edward Fisher to pay $10,000,000 in restitution to the Internal Revenue Service ("IRS"). Fisher has repaid approximately $6,012.44 of this obligation, and under his current financial circumstances, has agreed to pay the IRS $100 a month. On September 5, 2013, the government applied for and received writs of garnishment for funds in Fisher's retirement accounts at Virtus Partners, Inc., and Dodge & Cox. Together, these accounts hold approximately $164,217. On September 30, 2013, Fisher moved to quash or modify these garnishments arguing that the garnishments violate his restitution agreement with the IRS, and that the garnishments are unfair and impose undue financial hardship on his family.

18 U.S.C. § 3612(c) vests the Attorney General with responsibility for collecting unpaid restitution and fines. This authority is broad: the government may use any of the "practices and procedures for the enforcement of a civil judgment under Federal law or State law." *Id.* at § 3613(a). This broad authority is circumscribed by the exceptions

listed in 26 U.S.C. § 6334(a)(1)–(8), (10), and (12).  18 U.S.C. § 3613(a)(1).  Notably, none of the listed exemptions include retirement accounts.  Although Fisher argues that allowing the government to garnish retirement accounts discourages individuals from saving for retirement, this type of policy argument is better left to Congress.

Fisher also argues that the garnishments violate his payment agreement with the IRS.  However, as the government explains, a payment schedule does not serve as a bar to further collection efforts by the government.  *United States v. Bancroft*, No. 1:09-cr-101-02, 2010 WL 4536785, at *2 (W.D. Mich. Nov. 2, 2010) ("The government is free to pursue any authorized means of securing a restitution obligation, and it is clear that writs of garnishment are authorized by federal law.") (Bell, J.); *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (holding that a periodic payment provision in a criminal judgment does not insulate a defendant from other collection efforts, including garnishment) (Lawson, J.).

Lastly, Fisher argues that it would be inequitable to allow the government to garnish his retirement accounts because it would impose undue financial hardship on his family and saddle him with extreme tax liabilities.  The government avers that Fisher has already liquidated two other retirement accounts that he possessed, and used the proceeds of these accounts to pay personal debt rather than his restitution obligation.  At oral argument, Fisher concedes the point.  The court certainly endorses the general proposition that people should save for retirement, but finds no basis presented here on which to grant the relief defendant seeks.  Accordingly,

IT IS ORDERED that Fisher's "Motion to Quash or to Modify Garnishments"

[Dkt. # 13] is DENIED.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: November 21, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2013, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522